60 Hudson Owner, LLC v Mystoir, LLC (2022 NY Slip Op 05581)

60 Hudson Owner, LLC v Mystoir, LLC

2022 NY Slip Op 05581

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 157956/21 Appeal No. 16368 Case No. 2022-01424 

[*1]60 Hudson Owner, LLC, Plaintiff-Appellant,
v
Mystoir, LLC Doing Business as Alumnae et al., Defendants-Respondents.

Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Shari S. Laskowitz of counsel), for appellant.
Victoria M. Brown, New York, for respondents.

Order, Supreme Court, New York County (Paul A Goetz, J), entered February 14, 2022, which, to the extent appealed from, granted defendants' motion to dismiss the complaint and denied plaintiff's motion for summary judgment on its claims, unanimously affirmed, without costs.
Defendant tenant violated the parties' settlement agreement by entering into a license agreement, and a number of license extensions, during two contemporaneous periods, constituting two separate licenses, each greater than 30 days (see PETRA CRE CDO 2007-1, Ltd. v Morgans Group LLC, 84 AD3d 614, 615 [1st Dept 2011] ["[a]greements executed at substantially the same time and related to the same subject matter are regarded as contemporaneous writings and must be read together as one"]). Nevertheless, we agree with the motion court that the restrictive clause is not enforceable. Plaintiff landlord has not demonstrated a legitimate interest in preventing defendants from leasing space for their business (or licensing business space for a period of longer than 30 days). As the motion court observed, plaintiff and defendants operated different businesses and there was no legitimate business interest that plaintiff could have that would justify preventing defendants from operating their shoe store. Moreover, the clause at issue prevents defendants from continuing or opening businesses in commercial spaces throughout "New York." It is unclear whether the term "New York" refers to the city or the state, but either way, the geographical range is beyond an acceptable range for a restrictive covenant on a shoe store. While plaintiff contends that the court erred in applying restrictive-covenant rules governing employment-related contracts to the situation of a commercial landlord-tenant dispute, courts have also applied a "reasonableness" test to commercial leasing agreements (see Peoples Sav. Bank of Yonkers, N.Y. v County Dollar Corp, 43 AD2d 327, 328-330 [2d Dept 1974], affd 35 NY2d 836, 838 [1974]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022